**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERMES ENRIQUE VASQUEZ-AGUIRRE,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>Respondent. | No. 08-71943<br><br>Agency No. A098-112-083<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:      BEEZER, TROTT, and BYBEE, Circuit Judges.

Hermes Enrique Vasquez-Aguirre, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JLA/Research

asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

We reject Vasquez-Aguirre's claim that he is eligible for asylum based on his membership in a particular social group, namely, young El Salvadoran males who resist efforts by gangs to recruit them or extort money from them. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a particular social group "young men in El Salvador resisting gang violence") (internal quotation omitted); *Ramos-Lopez v. Holder*, 563 F.3d 855, 860-62 (9th Cir. 2009) (rejecting as a particular social group "young Honduran men who have been recruited by [a gang], but who refuse to join").

Accordingly, because Vasquez-Aguirre failed to demonstrate that he was persecuted on account of a protected ground, we deny the petition as to his asylum claim. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009).

Vasquez-Aguirre's due process claim fails because he has no cognizable liberty interest in discretionary relief from removal. *See Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004); *see also Briseno v. INS*, 192 F.3d 1320, 1323 (9th Cir. 1999) (deportable aliens have no substantive due process right to residence in the United States).

We lack jurisdiction to review both Vasquez-Aguirre's challenge to the IJ's corroboration finding and his claim for humanitarian asylum, withholding of removal, and CAT relief, because he failed to exhaust these arguments before the BIA. *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (per curiam); *see also Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**