**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1444
_____

ROBIN R. MCINTYRE,

Appellant

v.

CITY OF WILMINGTON
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 08-cv-00750)
District Judge: Honorable Gregory M. Sleet

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 12, 2011
Before:  FUENTES, GREENAWAY, JR., and GREENBERG, Circuit Judges

(Opinion filed :  August 15, 2011)
_____

OPINION
_____

PER CURIAM

Robin McIntyre sued his former employer, the City of Wilmington, Delaware ("the

City"), complaining that his termination from government service—on the ground that he

improperly maintained secondary employment—constituted invidious race-based

discrimination, in violation of Title VII of the Civil Rights Act of 1964.[1]  The District

Court granted the City's motion to dismiss McIntyre's complaint, based on McIntyre's

failure to timely file a charge of discrimination with the appropriate agency.  Because we

perceive no error in the District Court's decision, we will affirm.

I.

When this case was last before us, we remanded proceedings to the District Court

after vacating its order denying McIntyre's "motion to reopen" proceedings.  McIntyre v.

City of Wilmington, 360 F. App'x 355, 357 (3d Cir. 2010).  In reaching our conclusion

that the District Court's denial of the motion to reopen was an abuse of its discretion, we

first determined that McIntyre's motion actually sought relief under Fed. R. Civ. P. 60(b),

not Fed. R. Civ. P. 59(e).  Id. At 256.  We next determined that the District Court should

have either granted the Rule 60(b) motion or directed McIntyre to file a new complaint.

Id.  That was so, we reasoned, given McIntyre's status as a pro se litigant, his then-recent

exhaustion of administrative remedies and receipt of a right to sue letter, and, finally, the

fact that, because the ninety-day limitations period in which to timely commence federal

court litigation had expired, McIntyre would "have lost [his] right to sue notwithstanding

[his] having taken affirmative steps to come back into court following exhaustion."  Id.

At 257.

_____

1 There was nothing in McIntyre's complaint indicating his race or gender, and we
referred to him using feminine pronouns in the opinion for the previous appeal in this
case and on the docket for the instant appeal.  The papers before us now make clear that

2

Following our remand to the District Court, the City was served McIntyre's complaint and it responded by filing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In the brief accompanying its motion, the City contended that McIntyre failed to state a claim upon which relief could be granted because he did not timely file a charge of discrimination with the Delaware Department of Labor (DDOL). Alternatively, the City contended that McIntyre failed to state a viable claim under Title VII. By order entered January 18, 2011, the District Court granted the City's motion to dismiss. The District Court agreed with the City that McIntyre's complaint was deficient insofar as McIntyre's charge of discrimination—filed with the DDOL on December 31, 2008— post-dated by more than two years the allegedly discriminatory conduct at issue, in contravention of 42 U.S.C. § 2000e-5(e)(1). McIntyre appealed the District Court's decision.

## II.

The District Court had subject matter jurisdiction under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291, and "[w]e review the District Court's decision to dismiss under Rule 12(b)(6) *de novo*." Dique v. New Jersey State Police, 603 F.3d 181, 188 (3d Cir. 2010).

## III.

In his pro se opening brief, McIntyre does not squarely address the District Court's

---

McIntyre is a non-white male.

dispositive ruling. Nevertheless, we liberally construe his arguments on appeal.

We first reject McIntyre's contentions that the District Court erred in denying his motion for recusal (DC dkt #6) and in declining to appoint counsel. Regarding the recusal motion, McIntyre is incorrect in his assertion that "[i]f a judge presides over one case with the same defendant + plaintiff, he cannot preside over another case with the same defendant + plaintiff." See Liteky v. United States, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); see also In re Corrugated Container Antitrust Litig., 614 F.2d 958, 966 (5th Cir. 1980). As for the District Court's failure to sua sponte appoint counsel for McIntyre, we find no abuse of the District Court's broad discretion. See Tabron v. Grace, 6 F.3d 147, 155-157 (3d Cir. 1993) (supplying non-exhaustive list of factors for courts to consider before appointing counsel, and emphasizing that "district court should not request counsel under [28 U.S.C. § 1915(e)(1)] indiscriminately").

Turning to the substance of the District Court's January 18, 2011 decision, we first note that Title VII requires a claimant in a "deferral state" like Delaware[2] to file a charge with the DDOL within 300 days of an unlawful employment practice. See Mikula v. Allegheny Cnty. Of Pa., 583 F.3d 181, 183 (3d Cir. 2009). In McIntyre's complaint, he alleged that the discriminatory act(s) committed by the City occurred on October 4, 2006.

---

[2] "Delaware is a deferral state because it has empowered a state agency to handle employment discrimination claims." Ohemeng v. Delaware State College, 643 F. Supp. 1575, 1580 (D. Del. 1986) (Roth, J.).

4

We thus agree with the District Court that McIntyre's charge of discrimination filed with the DDOL on December 31, 2008, was untimely, and that this fact was fatal to his case.[3] That McIntyre may not have realized the potential Title VII implications of his October 4, 2006 termination from the City's employ until much later is of no moment. See Podobnik v. United States Postal Serv., 409 F.3d 583, 590-91 (3d Cir. 2005).

We also agree with the District Court that McIntyre provided no basis for equitably tolling § 2000e-5(e)(1). For example, McIntyre does not suggest that the City actively misled him relative to his cause of action, or that he timely asserted his rights, albeit in the wrong forum[4], or that he has in some extraordinary way been prevented from asserting those rights. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).

IV.

Accordingly, for the reasons given in this opinion, we will affirm the judgment of the District Court. The City's motion for leave to file a supplemental appendix is granted.

---

[3] McIntyre's charge of discrimination was attached as "Exhibit A" to the City's motion to dismiss. The District Court did not err by considering that exhibit in adjudicating the City's motion. "A court may consider an undisputedly authentic document that a defendant attaches to a motion to dismiss if the plaintiffs claims are based on that document." Miller v. Clinton County, 544 F.3d 542, 550 (3d Cir. 2008) (citation and internal quotations omitted).

[4] Notably, McIntyre did not file his complaint in this case until October 3, 2008.

5